IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

DEANDRE T. LOWE,                                              No.08-30111-DRH

Defendant.

### ORDER

**HERNDON, Chief Judge:**

Defendant Deandre T. Lowe is currently indicted on three counts of distribution of a mixture or substance containing cocaine base, in the form commonly called crack cocaine (Counts 1-3); and one count of possession with the intent to deliver a mixture or substance containing cocaine base, commonly called crack cocaine (Count 4) (Doc. 1). Now before the Court are three motions filed by Defendant Deandre T. Lowe (Docs. 37, 39, & 41). Lowe has filed a motion *in limine* regarding evidence of prior convictions and the admissibility of audio/video recordings (Doc. 37). Lowe has also filed a motion for materials pursuant to **18 U.S.C. § 3500** and ***Brady v. Maryland*, 373 U.S. 83 (1963)** (Doc. 39). Finally, Lowe has filed a motion to sever the counts for trial (Doc. 41). The Court rules as follows:

**A.      Motion *in Limine.***

On January 27, 2009, Defendant Lowe filed a motion in limine asking the Court to bar certain evidence (Doc. 37). Specifically, Lowe requests that the Court

bar the Government from raising at trial any evidence or testimony regarding Lowe's prior convictions as stated in the Information and Supplemental Information filed by the Government pursuant to **21 U.S.C. § 851**. Further, Lowe requests that the Court bar the use of an audio/video recordings offered by the Government which purportedly contain recordings between Defendant and a source identified as "Sam".

As to Lowe's request to bar evidence related to his prior convictions, Lowe argues that the prejudicial effect of the prior convictions will far outweigh the probative value of any prior convictions in the event the prior convictions are allowed to be disclosed to the jury.

Supplemental information is relative to the criminal history and for the Court's use at sentencing. The information is not meant for the jury's consideration. However, if the Defendant testifies then **FEDERAL RULE OF CRIMINAL PROCEDURE 609** will apply. Under **FEDERAL RULE OF EVIDENCE 609**, for the purposes of attacking a witness' character for truthfulness:

> evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused.

**FED. R. EVID. 609 (a)(1).** If Defendant testifies at trial, then Rule 609 will apply to any criminal history offered by the Government. Balancing the prejudice to the Defendant verses the probative value pursuant to both **FEDERAL RULES OF EVIDENCE**

**609 and 403**, the Court finds that introduction of his crimes on the issue of credibility is sufficiently probative to outweigh the prejudice associated with its introduction and, therefore, will be allowed.

Regarding the admissibility of the audio recordings, Lowe argues that there is no proper foundation for the recordings and allowing the Government to mention or show audio/video recordings purportedly showing Lowe in a drug transaction would be highly prejudicial. However, the Court finds that it is premature to determine whether the Government can establish proper foundation for their admissibility. In the event the Government can establish admissibility, **FEDERAL RULE OF EVIDENCE 403** provides that relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading cumulative evidence." **FED. R. EVID. 403.** Although the recordings are prejudicial, most if not all of the Government's probative evidence is prejudicial, but the probative value of such evidence in assisting the jury to arrive at the truth of the matter at hand is without question and the probative value here clearly outweighs the prejudice on the issue of admissibility. Therefore, Lowe's motion *in limine* will be **DENIED**.

**B.   Motion for Information Pursuant to 18 U.S.C. § 3500 and Pursuant to *Brady v. Maryland*.**

Also before the Court is Lowe's motion for information pursuant to **18 U.S.C. § 3500** and pursuant to ***Brady v. Maryland*, 373 U.S. 83 (1963)** (Doc. 39). Specifically, Lowe argues that he is entitled to the criminal records and information

regarding Government witnesses that could be used for impeachment or for otherwise attacking the witnesses' testimony, as well as information, including prior statements, regarding witnesses to be called by the Government. To the extent that these materials have not already been furnished by the Government to Defendant Lowe and the issue in not moot, the Court **GRANTS** Defendant Lowe's motion for information. The Court orders the Government to provide to the defense any materials that the Government has not already turned over to the Defendant as required by **18 U.S.C. § 3500** and by *Brady*.

C.  **Motion to Sever Counts for Trial.**

Defendant Lowe has also filed a motion to sever counts for trial under **FEDERAL RULE OF CRIMINAL PROCEDURE 14** (Doc. 41). Lowe argues that it will be impossible for him to receive a fair trial if the Counts are tried together. Lowe asks that the counts of distribution be separated from the count for possession with intent to distribute.

Charges may be joined under **FEDERAL RULE OF CRIMINAL PROCEDURE 8(a)** when they are: "(1) of the same or similar character; (2) based on the same act or transaction; or (3) based on two or more acts or transactions connected together or constituting parts of a common scheme or plan." ***United States v. Koen*, 982 F.2d 1101, 1111 (7th Cir. 1992).** Joinder is construed broadly because of the efficiency in trying a defendant on related counts in the same trial. ***United States v. Archer*, 843 F.2d 1019, 1021 (7th Cir. 1988).** Despite the policy favoring joinder, benefits

of joint trials "must be balanced against the defendant's right to a trial free of prejudice." ***United States v. L'Allier*, 838 F.2d 234, 240 (7th Cir. 1988).**

Lowe is charged with three counts of distribution and one count of possession with intent to distribute. Lowe does not dispute the fact that the counts were properly joined but argues rather that the counts should be severed under **FEDERAL RULE OF CRIMINAL PROCEDURE 14** because of their prejudicial impact.

Even if offenses are properly joined, Rule 14 gives a court discretion to sever them if their joinder would sufficiently prejudice the defendant. **FED. R. CRIM. P. 14(a).** **FEDERAL RULE OF CRIMINAL PROCEDURE 14** provides that:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

**FED. R. CRIM. P. 14(a).** The risk of unfairness is heightened when two or more offenses are joined because of their "same or similar" character. ***United States v. Coleman*, 22 F.3d 126, 134 (7th Cir. 1994).**

In this case, Lowe argues that the Court should sever for trial the counts of distribution from the count of possession of a controlled substance with intent to distribute. Defendant argues that if the jury simultaneously hears evidence of both the distributions and evidence regarding the crack cocaine found upon execution of a search warrant, he will not be able to receive a fair trial as the jury will consider the evidence of one event as proof of the other.

The Court finds this argument to be disingenuous.  Counsel seems to suggest that if one is a drug dealer and he has one shipment of drugs one day and sells all those drugs and then the following weeks gets a new shipment of drugs and is caught with those drugs before he is able to sell them, under the federal drug laws there are separate transactions at hand and two different juries are needed to consider the crimes separately so that the jury for the first week's crime doesn't know about the second week's crime and vice versa.  Counsel is well seasoned and knows all about "relevant conduct" and to make such an argument is frivolous and a waste of this Court's time.  To sever this trial would not only be a waste of resources but legally wrong.  **See *United States v. Rollins*, 301 F.3d 511, 519 (7th Cir. 2002) ("prejudice requiring severance is not shown if evidence on the severed counts would be admissible in the trial of the remaining counts"); *United States v. Cooper*, 942 F.2d 1200, 1205 (7th Cir. 1991) ("Evidence of a prior drug transaction is admissible under 404(b) to show a defendant's intent to take part in a conspiracy, his opportunity to acquire and distribute cocaine, and his knowledge of the distribution network.").**  It is further presumed that a jury can separate what evidence is relevant to each count where the testimony and evidence will not be extensive or complex.  **See *United States v. Lanas*, 324 F.3d 894, 900 (7th Cir. 2003); *United States v. Turner*, 93 F.3d 276, 284 (7th Cir. 1996) (Defendant must overcome the presumption that the jury can sort through the evidence).**  This presumption applies even when the charged offenses are similar.

*Id.* Lowe, however, has offered no evidence that his case is overly complicated or complex, requiring severance, Therefore, Defendant's motion to sever (Doc. 41) is **DENIED.**

Accordingly, the Court **DENIES** Defendant Lowe's motion *in limine* (Doc. 37) and Motion to Sever Counts for Trial (Doc. 41). The Court further **GRANTS** Defendant Lowe's motion for information (Doc. 39) to the extent that such material has not already been furnished by the Government.

**IT IS SO ORDERED.**

Signed this 30th day of January, 2009.

/s/     David R. Herndon
**Chief Judge**
**United States District Court**