IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.                                                                     No. 3:08-cr-30111-DRH-CJP

DEANDRE T. LOWE,

Defendant.

## ORDER

**HERNDON, District Judge:**

Now before the Court is defendant Lowe's motion to set aside or defer payment of fine (Doc. 82). Lowe states that his family can no longer make payments on the fine and that he is not making sufficient money to pay the fine while incarcerated. For the reasons discussed below, the motion is DENIED.

Lowe was sentenced to 292 months in prison, 10 years of supervised release, in addition to a $400 special assessment and a $1000 fine. With regard to payments, the Court ordered as follows:

> Payments are due immediately, through the Clerk of the Court. The defendant shall pay any financial penalty that is imposed by this judgment and that remains unpaid at the commencement of the term of supervised release. Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be paid in equal monthly installments of $20.00 or 10% of defendant's monthly net monthly income, whichever is greater, over a period of 70 months, to commence 30 days after release from imprisonment to a term of supervision.
>
> Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except

> those payments made through the Federal Bureau of Prisons Inmate Financial Responsibility Program, are made to the clerk of the court.

First, the Court notes that the defendant's family is not responsible for or obligated to pay the defendant's criminal monetary penalties. Second, as the defendant is currently incarcerated, the payment of the fine and special assessment is voluntary. *See United States v. Boyd,* 608 F.3d 331, 334 7th Cir. 2010) ("The IFRP can be an important part of a prisoner's efforts toward rehabilitation, but strictly speaking, participation in the program is voluntary.").

To the extent that defendant does not want to participate in the IFRP program at all and thus, prefers to forgo any applicable privileges (for example participation in the UNICOR program), his motion is denied as MOOT (as participation is voluntary).

To the extent that defendant objects to the amount assessed under the IFRP program and/or objects to other aspects of the program, he must exhaust his administrative remedies before filing a claim with this Court. Moreover, any such petition would need to be filed as a Section 2241 petition. *See Ihmoud v. Jett*, 272 Fed. Appx. 525, *1 (7th Cir. 2008) (*citing Matheny v. Morrison*, 307 F.3d 709, 712 (8th Cir. 2002) (stating that challenges to IFRP collection mechanism concern execution of sentence and are therefore correctly framed as § 2241 claims). Accordingly, any such request is DENIED for lack of jurisdiction.

For the reasons discussed above, Lowe's motion to set aside or defer

payment of fine (Doc. 82) is DENIED.

**IT IS SO ORDERED.**

Signed this 28th day of April, 2015.

Digitally signed by
David R. Herndon
Date: 2015.04.28
16:25:57 -05'00'

**United States District Court**